**UNITED STATES of America**
**Plaintiff–Appellee,**

v.

**Christina MENDOZA–PAZ,**
**Defendant–Appellant.**

No. 00–50029.
D.C. No. CR–99–1601–K.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2000.

Decided April 23, 2001.

---

Before B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Christina Mendoza–Paz appeals her jury conviction for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). Mendoza–Paz argues that the district court erred in (1) finding that the government complied with Federal Rule of Criminal Procedure 16(a)(1)(E); (2) failing to discharge its gatekeeping duty in the admission of expert testimony; and (3) permitting a lay witness to comment on Mendoza–Paz's credibility. Mendoza–Paz also

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

contends that her conviction must be vacated because sections 841 and 960 are facially unconstitutional. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our disposition. The district court did not err in ruling that the government sufficiently complied with Rule 16(a)(1)(E). Mendoza–Paz contends that Agent Hooks' testimony should have been excluded because it was not subject to empirical testing, could not be reviewed for error rates, and his estimates had not been accepted in any expert community. Additionally, she contends that the government failed to timely produce the basis for the chemist Harry Skinner's opinion. Even if this court accepted Mendoza–Paz's arguments as correct, Mendoza–Paz failed to demonstrate that the government's lack of timely or sufficient summaries of its experts' opinions, reasons for those opinions, and qualifications prejudiced her substantial rights under Rule 16(a)(1)(E). *See United States v. Figueroa–Lopez*, 125 F.3d 1241, 1247 (9th Cir.1997), *cert. denied*, 523 U.S. 1131, 118 S.Ct. 1823, 140 L.Ed.2d 959 (1998).

■ Nor did the district court fail to discharge its gatekeeping duty regarding admission of expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The district court may rely on the "knowledge and experience of [a proffered narcotics] expert, rather than the methodology or theory behind [that testimony.]" *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir.), *cert. denied*, 530 U.S. 1268, 120 S.Ct. 2733, 147 L.Ed.2d 995 (2000).

■ Finally, the district court did not commit plain error in permitting Agent Heng to testify that she did not believe Mendoza–Paz's story at the post-arrest interview. Federal Rule of Evidence 701 requires that if a witness is not testifying as an expert, "the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Although it was probably error to permit Agent Heng to testify, the potential error in this case did not "affect substantial rights," and thus did not seriously affect "the fairness, integrity, or public reputation of judicial proceedings." *United States v. Whitehead*, 200 F.3d 634 (9th Cir.), *cert. denied*, 531 U.S. 885, 121 S.Ct. 202, 148 L.Ed.2d 141 (2000). Given Mendoza–Paz's improbable story that she spontaneously decided to buy a car from two strange men whose names she never learned and then decided to drive it to the United States to buy candy bars, and given Agent Heng's testimony indicating the inconsistencies between Mendoza–Paz's testimony and her post-arrest statements, it is more probable than not that the jury would have convicted her in the absence of Agent Heng's testimony.

■ We find the facial, constitutional challenge to 21 U.S.C. § 960 and 21 U.S.C. § 841(a)(1) and the as-applied challenge under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to be without merit. Sections 960(b)(4) and 841(b)(1)(D) are not unconstitutional on their face. These provisions provide for sentences that apply even if no additional facts are found beyond those required by sections 960(a) and 841(a). Mendoza–Paz was sentenced only pursuant to sections 960(b)(4) and 841(b)(1)(D). Even if there is merit to the facial challenge, it cannot invalidate the sections of the statutes that apply to this defendant. The as-applied challenge similarly fails because Mendoza–Paz was never exposed to

a sentence beyond the statutory maximum for the lowest quantity of drugs. The court in *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2362–63. Because the jury did not find Mendoza–Paz responsible for a specific amount of marijuana, the maximum punishment to which she constitutionally may be exposed under 21 U.S.C. § 960 and 21 U.S.C. § 841(a)(1) is 60 months imprisonment. After the drug quantity finding by the district court, Mendoza–Paz was exposed to a range of 33–40 months, well within the penalty provided by statute.

AFFIRMED.